UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN CARLOS GIL,

               CASE NO.: 1:16-cv-23020-RNS

 Plaintiff,

v.

WINN-DIXIE STORES, INC.,

 Defendant.
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

 Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie"), by and through its undersigned counsel, hereby answers the complaint filed by Plaintiff, Juan Carlos Gil, and asserts affirmative defenses thereto.

### ANSWER

 Winn-Dixie hereby answers the complaint in correspondingly numbered paragraphs below:

 1. Winn-Dixie admits that this purports to be an action for civil rights violations but denies that Winn-Dixie committed any civil rights violations against individuals with disabilities.

 2. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 2.

 3. Winn-Dixie denies the allegations set forth in paragraph 3.

 4. Winn-Dixie admits the allegations set forth in paragraph 4.

 5. Winn-Dixie admits that it has a website at www.winndixie.com, but denies the remaining allegations set forth in paragraph 5.

6. Winn-Dixie admits that this purports to be an action for civil rights violations but denies that Winn-Dixie committed any civil rights violations against individuals with disabilities.

## JURISDICTION & VENUE

7. Winn-Dixie admits that this purports to be an action for declaratory and injunctive relief pursuant to the statutory provisions set forth in paragraph 7 but denies the sufficiency of the same.

8. Winn-Dixie admits that this purports to be an action for declaratory and injunctive relief pursuant to the statutory provisions set forth in paragraph 8 but that any acts or omissions giving rise to Plaintiff's claim occurred or that a violation of the statutes and regulations set forth in paragraph 8 occurred.

9. Winn-Dixie admits that venue properly lies in this Court and otherwise denies the allegations set forth in paragraph 9. Specifically, Winn-Dixie denies that any acts or omissions giving rise to Plaintiff's claim occurred or that it "resides" in this district.

10. Winn-Dixie admits that this purports to be an action for declaratory and injunctive relief pursuant to the statutory provisions set forth in paragraph 10 but denies the sufficiency of the same.

## THE PARTIES

**Juan Carlos Gil**

11. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 11.

12. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 12.

**Winn-Dixie Stores, Inc.**

13. Winn-Dixie admits the allegations set forth in paragraph 13.

14. Winn-Dixie denies that its delicatessen is a lunch counter. Winn-Dixie admits the remaining allegations set forth in paragraph 14.

15. Winn-Dixie admits the allegations set forth in paragraph 15.

## FACTS

16. Winn-Dixie admits that its physical grocery stores and pharmacies are places of public accommodation. Winn-Dixie asserts that the statutes referenced speak for themselves and denies the remaining allegations set forth in paragraph 16 to the extent they are inconsistent therewith.

17. Winn-Dixie admits the allegations set forth in paragraph 17.

18. Winn-Dixie admits the allegations set forth in paragraph 18.

19. Winn-Dixie admits the allegations set forth in paragraph 19.

20. Winn-Dixie denies the allegations set forth in paragraph 20.

21. Winn-Dixie admits that its website permits patrons to manage and refill pharmacy prescriptions for in-store pick up or delivery. Winn-Dixie denies the remaining allegations set forth in paragraph 21.

22. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 22.

23. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 23.

24. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 24.

25. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 25.

26. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 26.

27. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 27.

28. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 28.

29. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 29.

30. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 30.

31. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 31.

32. Winn-Dixie denies the allegations set forth in paragraph 32.

33. Winn-Dixie denies the allegations set forth in paragraph 33.

34. Winn-Dixie denies the allegations set forth in paragraph 34.

35. Winn-Dixie denies the allegations set forth in paragraph 35.

36. To the extent Plaintiff alleges that "instituted" to mean "established" or "completed," Winn-Dixie admits the allegations set forth in paragraph 36.

37. Winn-Dixie denies the allegations set forth in paragraph 37.

38. To the extent Plaintiff alleges that "instituted" to mean "established" or "completed," Winn-Dixie admits the allegations set forth in paragraph 38.

39. To the extent Plaintiff alleges that "instituted" to mean "established" or "completed," Winn-Dixie admits the allegations set forth in paragraph 39.

40. To the extent Plaintiff alleges that "instituted" to mean "established" or "completed," Winn-Dixie admits the allegations set forth in paragraph 40.

41. To the extent Plaintiff alleges that "instituted" to mean "established" or "completed," Winn-Dixie admits the allegations set forth in paragraph 41.

42. Winn-Dixie denies the allegations set forth in paragraph 42.

43. Winn-Dixie denies the allegations set forth in paragraph 43.

44. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 44.

45. Winn-Dixie denies the allegations set forth in paragraph 45.

46. Winn-Dixie denies the allegations set forth in paragraph 46.

47. Winn-Dixie admits the allegations set forth in paragraph 47.

48. Winn-Dixie denies the allegations set forth in paragraph 48.

49. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 49.

50. Winn-Dixie asserts that ADA speaks for itself and denies the remaining allegations set forth in paragraph 50 to the extent they are inconsistent therewith.

51. Winn-Dixie denies the allegations set forth in paragraph 51.

52. Winn-Dixie denies the allegations set forth in paragraph 52.

53. Winn-Dixie denies the allegations set forth in paragraph 53.

54. Winn-Dixie denies the allegations set forth in paragraph 54.

55. Winn-Dixie denies the allegations set forth in paragraph 55.

56. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 56.

57. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 57.

58. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 58.

59. Winn-Dixie denies the allegations set forth in paragraph 59.

60. Winn-Dixie denies the allegations set forth in paragraph 60.

61. Winn-Dixie denies the allegations set forth in paragraph 61.

62. Winn-Dixie denies the allegations set forth in paragraph 62.

63. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 63.

## **COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

64. Winn-Dixie reasserts and incorporates by reference its responses to paragraphs 1 through 63 above.

65. Winn-Dixie denies the allegations set forth in paragraph 65.

66. Winn-Dixie denies the allegations set forth in paragraph 66.

67. Winn-Dixie denies the allegations set forth in paragraph 67.

68. Winn-Dixie denies the allegations set forth in paragraph 68.

69. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 69.

70. Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 70.

71.     Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 71.

72.     Winn-Dixie denies the allegations set forth in paragraph 72.

73.     Winn-Dixie admits the allegations set forth in paragraph 73.

74.     Winn-Dixie is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 74.

75.     Winn-Dixie denies the allegations set forth in paragraph 75.

76.     Winn-Dixie denies the allegations set forth in paragraph 76.

77.     Winn-Dixie admits that this Court has jurisdiction in this matter to grant the relief sought, but it denies the sufficiency of same and Plaintiff's right to any of the relief sought

78.     Winn-Dixie denies the allegations set forth in paragraph 78.

WHEREFORE, Winn-Dixie denies that Plaintiff is entitled to any of the damages sought, seeks dismissal of the action and an award of attorneys' fees and costs to the fullest extent permitted by law.

All allegations not expressly admitted above are hereby denied.

### AFFIRMATIVE DEFENSES

1.      As its First Affirmative Defense, Winn-Dixie states that Plaintiff cannot state a claim under the Americans with Disabilities Act ("ADA") because Plaintiff cannot show he was denied the full and equal enjoyment of Winn-Dixie's goods, services, facilities or accommodations because of his disability by Winn-Dixie failing to make a requested reasonable modification that was necessary to accommodate Plaintiff's disability.

2.	As its Second Affirmative Defense, Winn-Dixie states that Plaintiff cannot state a claim under the ADA because Plaintiff cannot establish that he was excluded from participation in Winn-Dixie's goods, services, facilities or accommodations because of his disability.

3.	As its Third Affirmative Defense, Winn-Dixie states that Plaintiff cannot state a claim under the ADA because Plaintiff did not request a reasonable modification that was necessary to accommodate Plaintiff's disability.

4.	As its Fourth Affirmative Defense, Winn-Dixie states that Plaintiff lacks standing to bring claims for the specific violations alleged in this action.

5.	As its Fifth Affirmative Defense, Winn-Dixie states that Plaintiff cannot state a claim under the ADA because its website is not a place of public accommodation.

6.	As its Sixth Affirmative Defense, Winn-Dixie states that Plaintiff cannot state a claim under the ADA because Winn-Dixie is presently in the process of evaluating and updating its website accessibility.

7.	As its Seventh Affirmative Defense, Winn-Dixie states that Plaintiff cannot state a claim under the ADA because current federal law does not require Winn-Dixie to implement the policies and procedures demanded by Plaintiff.

8.	Winn-Dixie reserves the right to amend its affirmative defenses as additional defenses may be revealed in discovery.

>Respectfully submitted,
>
>NELSON MULLINS RILEY & SCARBOROUGH, LLP
>*Attorneys for Defendant, Winn-Dixie Stores, Inc.*
>50 N. Laura Street
>41st Floor
>Jacksonville, Florida 32205
>Tel: (904) 665-3600
>Fax: (904) 665-3699

By:      s/Susan V. Warner
　　　　　Susan V. Warner
　　　　　Florida Bar No. 38205
　　　　　Susan.warner@nelsonmullins.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 5th day of August 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

　　　　　　s/Susan V. Warner
　　　　　　Susan V. Warner

**SERVICE LIST**
**JUAN CARLOS GIL vs. WINN-DIXIE STORES, INC.**
**CASE NO: 1:16-cv-23020-RNS**
**United States District Court, Southern District of Florida**

Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Attorney for Plaintiff*
Service via CM/ECF

9