United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juan Carlos Gil, Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 16-23020-Civ-Scola |
| | ) |
| Winn-Dixie Stores, Inc., Defendant | ) |

## **Order on the Defendant's Motion to Strike**

  This matter is before the Court on the Defendant's motion to strike the Plaintiff's trial exhibits P-18, P-20, and P-21, and for an award of attorneys' fees (ECF No. 52). The Plaintiff did not substantively respond to the Defendant's motion, and the time to do so has passed. However, after the Defendant filed the motion, the Plaintiff filed his Third Amended Exhibit List, which removed exhibit P-18 (ECF No. 53). Therefore, the Court denies as moot the Defendant's motion to strike exhibit P-18.

  Exhibits P-20 and P-21 are still listed on the Plaintiff's Third Amended Exhibit List, and copies of the exhibits were filed along with the exhibit list (ECF No. 53). Exhibits P-20 and P-21 consist of a settlement agreement and a consent decree from two other matters, neither of which involved either Juan Carlos Gil or Winn-Dixie Stores, Inc. The Defendant's motion represents that the Plaintiff never produced the documents. (Mot. at 4, ECF No. 52.) Federal Rule of Civil Procedure 26(a) requires each party to provide to the other parties a copy of all documents that the disclosing party may use to support its claims or defenses. If a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

  Not only has the Plaintiff neglected to respond to the Defendant's motion in order to explain why the failure to produce the documents was substantially justified or harmless, the settlement agreement and consent decree are irrelevant and inadmissible. If the Plaintiff prevails, it is possible that the consent decree and settlement agreement could be used to aid the Court in fashioning an appropriate remedy, but they are not admissible at trial as evidence of the Defendant's liability.

  Accordingly, the Court **grants** the Defendant's motion to strike exhibits P-20 and P21, and **denies as moot** the Defendant's motion to strike exhibit P-18 (**ECF No. 52**). The Defendant shall show cause why the Court should not award the Defendant the attorneys' fees incurred in filing the motion to strike on or before 12:00 p.m. on June 2, 2017.

**Done and ordered**, at Miami, Florida, on May 31, 2017.

_____
Robert N. Scola, Jr.
United States District Judge